## City of Paducah v. Jones.

(Decided June 24, 1938.)

W. V. EATON and HENRY LOVETT for appellant.
C. WARREN EATON for appellee.

OPINION OF THE COURT BY JUDGE BAIRD—Affirming.

The City of Paducah is a city of the second class. It is operating under that form of government known as a City Manager Form, composed of a mayor and four commissioners who constitute a board and in whom are vested all of the legislative authority of the city.

On May 2, 1938, the city passed an ordinance providing for the refunding of outstanding assessment bonds which had been issued by the City of Paducah, and for the payment of accumulated interest on taxes assessed against certain properties in Sewer Zone No. 4, in sub-division "A", Sewer District No. 3, by providing for an extension of time for ten years in which to pay the delinquent and accrued assessment taxes, interest and penalties by the issue and sale of refunding bonds secured by said taxes, the proceeds of which were to be used in liquidating, retiring and substituting outstanding bonds and the unpaid interest coupons thereon.

Counsel for the city maintain that the purpose of the ordinance is to refinance the outstanding improvement maturing bonds which are liabilities solely against the taxes levied in said district because of the construction of said sewers and to extend the time of payment of the taxes and reapportion the delinquent taxes, interest and penalties thereon, so as to extend the payment for ten years longer and to issue bonds to take the place of the outstanding bonds.

Appellee, L. M. Jones, a resident and substantial taxpayer of the city, instituted an action in equity in the McCracken circuit court alleging that the city had no power or legal authority to pass such an ordinance, and sought an injunction, permanently enjoining the city in carrying out the provisions of the ordinance. The chancellor on final hearing adjudged as follows:

"It appearing from both the petition and the answer that the plaintiff and defendant desire a binding declaration of rights on the issue as tendered by the petition, and the Court being sufficiently advised is of the opinion that there exists no legal authority for refunding the improvement bond issue described in the pleadings and that the defendant herein is without right or authority to refund said bond issue under or by

reason of the ordinance complained of in the petition. That the City, defendant has no right to extend the time of payment of said taxes originally levied, or to respread or apportion same over an additional ten (10) year period, nor has the defendant, City of Paducah, right or authority to refund an indebtedness incurred for the making of public improvements paid for on the ten (10) year payment plan. The Court therefore adjudges that the plaintiff is entitled to a binding declaration of rights on said question and as herein adjudged, and that the City of Paducah, defendant, is therefore enjoined and restrained from proceeding to refund said improvement bonds and to extend or attempt to extend the payment of taxes over an additional period of time."

From that judgment the city appeals. The sole question is, Was the Chancellor correct in the rendition of that judgment?

Counsel for appellant concedes that there is presented the single question: Can a city of the second class, like Paducah, by ordinance, as attempted here, refund sewer bonds which have been issued on the ten year payment plan, as provided by Sections 3101 and 3102, Kentucky Statutes, by providing for the payment of them by the reapportioning of the taxes levied originally for the payment of the original cost of the improvements resulting from the building of the sewerage system in Zone No. 4 of the city.

The attention of the court is directed to no statute nor legal authority authorizing a judgment of that kind. We are referred to Section 158 of the Constitution of Kentucky, which provides in part, as follows:

"* * * Nothing herein shall prevent the issue of renewal bonds, or bonds to fund the floating indebtedness of any city, town, county, taxing district or other municipality."

Without an extended argument that portion of Section 158 of the Constitution does not authorize the refunding of sewer bonds, as in the instant case, because such bonds are not obligations of or debts of the city. They are secured alone by liens on the land of the property owners situated in Zone No. 4. In fact, the special assessment to pay the cost of street improvements or

sewer improvements are not debts within the provisions of the constitution. The bond holder can only look to the statutory lien of the property by virtue of Sections 3101 and 3102 of the Statute, supra, within the boundary of the sewer zone as security for the bonds. There is no personal obligation of the property owners in the zone. Neither the taxpayers of the city, nor the city as a municipality, are obligated to pay the bonds issued in building the sewer system, nor any public improvement of that class. The lien on the property is by virtue of the statute based, no doubt, upon the theory or principle, that the use of the sewer system will and does enhance and improve the use and value of the property within said zone.

It is an established rule that contracts for local improvements and the cost of building same are to be borne wholly by the property benefited therefrom. Such claims form no indebtedness of the municipality within the meaning of the constitution or the laws of the state. The holder of the bond must look alone to the fund created by the collection of the assessments of the abutting property. The city is a mere agency for collecting the assessments and is a custodian of the fund after the assessments are collected. Shaver et al. v. Rice, Mayor, et al., 209 Ky. 467, 273 S. W. 48, and cases cited therein.

Counsel practically admits that there are no express statutory provisions for the issuance of these bonds, or for carrying out the provisions and purposes of the ordinance. The nearest authority to which counsel's amicus curiae brief calls our attention is Section 186c-1 of the 1936 Edition of the Kentucky Statutes. That statute was passed by the General Assembly at its Session in 1902, found in Chapter 118 of the Acts of 1902. We find the Title of the Act to be as follows:

"An Act authorizing taxing districts, incorporated towns, now acting under special acts of the Legislature, and unclassified municipal corporations to issue refunding bonds, and to levy a special tax to pay the same."

However, on examining the act, that section of the statute applies only to the taxing districts, including towns now acting under special acts of the legislature, and unclassified corporations, to issue refunding bonds and to issue a special tax to pay the same. It has no

application whatever to the authority of the city of a second class, like Paducah, to issue the refunding bonds, or carry out the purposes of the ordinance, under consideration. If the bonds sought to be refunded were obligations or debts of the city of Paducah, then under section 158 of the Constitution, there might be some authority to issue the refunding bonds, which we do not decide, but when it is conceded that these sewerage bonds are not obligations of the city, but are merely secured by a statutory lien authorized by Sections 3101 and 3102 of the statute, there is no authority that has been delegated by the legislature to the city of Paducah, to pass an ordinance authorizing the refunding of sewerage bonds of this class, or authorizing the passing and putting into effect the provisions of the ordinance in question.

We see no good reason to extend this opinion further, because we have definitely reached the conclusion that the judgment of the chancellor was correct.

Wherefore, the judgment is affirmed.